**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JIN ZHENG,

Petitioner,

v.

WARDEN of Adelanto ICE Processing Center, et al.,

Respondents.

Case No. 5:26-cv-06767-MBK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jin Zheng (A# 218-119-729), a Chinese citizen, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Ms. Zheng entered the United States in 2020 on a visitor's visa and subsequently submitted an application for asylum. DHS later granted Ms. Zheng work authorization while her asylum claims remain pending. Over the past six years, Ms. Zheng has proceeded with her asylum case, lived openly and worked lawfully in the United States, and has no criminal history. Nonetheless, on November 7, 2026, DHS officers arrested

Ms. Zheng when she attempted to board a domestic from Los Angeles, California, to Philadelphia, Pennsylvania.

In this habeas action, Ms. Zheng challenges the legality of her sudden arrest and ongoing detention under the Due Process Clause. In their answer, Respondents argue that Ms. Zheng is not entitled to release but acknowledge she is eligible for a bond hearing. However, Respondents do not meaningfully address or contest Ms. Zheng's due process claim. In light of Respondents' non-opposition, the Court concludes that Petitioner's re-detention violates due process. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Jin Zheng is a Chinese citizen seeking asylum in the United States. Dkt. 1 at 4. On or about February 20, 2020, Petitioner was admitted into the United States at Honolulu International Airport with a B-2 visitor visa authorizing her stay through August 19, 2020. *Id*; Dkt. 10-1 at 3. She subsequently filed an Application for Asylum and Withholding of Removal (Form I-589) with United States Citizen and Immigration Services, which remains pending. Dkt. 1 at 4. Petitioner has work authorization, has lived openly and peacefully in her community, and has no criminal history. *Id.*

On November 7, 2026, Petitioner attempted to board a domestic flight from Los Angeles International Airport to Philadelphia, Pennsylvania. *Id.* Before she could board, Immigration and Customs Enforcement ("ICE") officers arrested her without notice, a hearing, or a warrant. *Id.* The officers also took her personal belongings, including passport, driver's license, bank cards, cellular phone, wallet, and keys. *Id.* She has been confined at the Adelanto Detention Facility ever since. *Id.* As of November 11, 2026,

Petitioner had not been served with a Notice to Appear or any explanation why she was being detained. *Id.*

Ms. Zheng filed the instant Petition on November 11, 2026. Dkt. 1 She argues that the government has violated her rights to procedural and substantive due process under the Fifth Amendment. Dkt. 1 at 6-12. She asks the Court to issue a writ of habeas corpus ordering her immediate release from custody. *Id.* at 12. The Court issued Notice of General Order 26-05 and Briefing Schedule on November 12, 2026. Dkt. 5.

On November 19, 2026, Respondents filed their Answer. Dkt. 10. They argue that Petitioner "appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, ___ F.4th ___, 2026 WL 2196424 (9th Cir. 2026)" but is "properly detained pending such potential bond proceedings because this is the Petitioner's first detention." *Id.* at 2. Respondents also contend that "to the extent the instant Petitioner has not yet requested such a bond hearing from the Immigration Court, the Petitioner has not yet properly exhausted their available administrative remedies, and their Petition is defective on that basis." *Id.*

On November 20, 2026, Petitioner filed a reply. Dkt. 11. She argues that the Respondents failed to meaningfully address her procedural due process claim. *Id.* at 1. Petitioner also contends that exhaustion should be excused and that immediate release from custody is the appropriate remedy for the pre-deprivation violations that occurred in this case. *Id.* at 4-6.

## II. DISCUSSION

Petitioner Jin Zheng argues that, *inter alia*, she is entitled to immediate release from custody because she was deprived of her liberty interest without adequate pre-deprivation due process. Dkt. 1 at 6-11. The Court agrees.

### A. Petitioner was not Required to Exhaust Her Due Process Claims

Petitioner contends that exhaustion should be waived because Immigration Courts lack the jurisdiction to adjudicate her due process claim, which renders her administrative remedies inadequate. Dkt. 11 at 4-5.

While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* at 1000 (internal quotations and citations omitted).

The Court agrees with Petitioner that exhaustion is not required given the nature of Petitioner's claims. She argues that due process required notice and hearing *before* she was detained. Dkt. 1 at 6-11. The Immigration Courts could not consider such a claim because they lack jurisdiction to determine the

constitutionality of the statutes they administer. *See Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006). *See also In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). Moreover, Petitioner's due process claims are essentially uncontested. As such, an "'administrative appellate record is not necessary to resolve'" Petitioner's constitutional claims. *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *10–11 (C.D. Cal. Mar. 5, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017)).

**B. Petitioner's Detention Violates Due Process**

The Court now turns to the merits of Petitioner's procedural due process claim. Petitioner argues that procedural due process principles prohibited the Government from detaining her without notice and an opportunity to be heard. Dkt. 1 at 6-11. As Petitioner observes, Respondents' Answer does not meaningfully address her due process claim. Respondents "do not address the *Matthews* factors or identify any exigency that made pre-deprivation process impracticable." Dkt. 11 at 1.

Respondents' failure to meaningfully contest Petitioner's procedural due process claim in their Answer is a concession that the Petition should be granted. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."). *See also Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr.

17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

In light of Respondents' non-opposition, the Court concludes that Petitioner's ongoing detention violates due process. This Court has previously found due process requires pre-deprivation notice and opportunity to be heard when ICE seeks to re-detain a noncitizen previously released from custody and that ICE may only re-detain such noncitizens based on a material change in circumstances. *See e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026).

Courts have extended these principles to cases in which a noncitizen had not been released from immigration custody previously, but where the record indicates that the Government "deliberate[ly] acquiesce[d]" in the noncitizen's remaining at liberty in the United States. *See Martinez v. Acting*

*Warden of the Adelanto Detention Center*, No. 5:26-cv-02635-ACCV, 2026 WL 2262269, at *5 (C.D. Cal. Aug. 5, 2026); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (holding that a visa overstayer with a pending asylum application "possesses a constitutionally protected liberty interest that the Government cannot extinguish without affording pre-deprivation process"); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but was never detained, had a protected liberty interest in remaining free). This case is comparable. Petitioner became subject to detention under 8 U.S.C. § 1226(a) after her visa expired, but the Government elected not to detain her and instead granted her employment authorization while her asylum case remains pending. For more than six years, the Government know exactly who and where Petitioner was, authorized her to work, and chose not to detain her.

Based on Respondents' non-opposition and for the reasons stated in *Martinez*, the Court finds that Petitioner's detention violates due process. Because Petitioner's detention has been unlawful from the outset, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore [her] position as it was prior to the" constitutional violation. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v. Bondi*, No. 5:26-CV-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026). "[C]ourts in this District have concluded that a post-deprivation bond hearing ordinarily 'is not an adequate substitute' for a pre-deprivation hearing." *Herman v. DHS*, No. 5:26-cv-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (collecting cases). This is because "the purpose of habeas

remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Jin Zheng's (A# 218-119-729) immediate release, subject to reasonable conditions, and prohibiting her re-detention absent a hearing before a neutral decisionmaker at which the Government must show changed circumstances warranting her detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: November 23, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE